Curia, per Richardson, J.
If the right to recover back money adjudged, were allowed upon-the allegation of neglect or oversight, or under any other supposition — actual fraud always excepted — then judgments would be no longer conclusive of the questions made for the court; and verdicts would no longer be veredicta, or the true and final response to issues before the jury. We cannot open the res judicata ; and as little can we change the meaning of a strict payment, by calling it some other contract. The $55 so paid, never was money that Davis could sue for. *561 It had gone to lessen the amount he owed ; this was its destination and no other; that is, it was payment, and not the consideration of a new contract.
Once allow his right to recover back such payment, and accord and satisfaction, a fraud neglected to be pleaded, or any other defence so neglected, might be made the cause of a distinct after action, by unlucky or negligent defendants. Once break the rule of the conclusiveness of judgments upon the whole res judicata, and Davis might bring a second or many actions, successively, for divers payment or sundry accords, <fcc., not yet re-called to mind at this first suit for retributive justice. And if so, by clear reciprocity of rights, Murphy might bring his second action to overturn Davis’ retributive recovery, and so on, toties quoties. But it may be seen at a glance, that this would be too unsafe and disorderly in practice, to be indulged on account of a hard case.
The proper and wise policy of the res judicata is indicated by the law maxim, interest revpublicce ut sit finis litium. (a) The action that is adjudged by a competent court, must stop ; and although an individual may suffer, the order of society is paramount.
On the score of authority, it would be difficult, I apprehend, to find a commentator on law who does not assume the principle of the conclusiveness of judgments as unquestionable ; or a writer on evidence who does not expressly lay it down, as not to be averred against, by either party. I will cite a single instance for example of the rest. Professor Greenleaf, § 522, says ; “ justice requires that every cause be once fairly and impartially tried ; but the public tranquility demands, that having been once so tried, all litigation of that question, and between those persons, should be closed forever.” The writer then enumerates the apparent exceptions, and comes, at § 528, to this conclusion ; “ that the rule should apply only to that which was directly in issue, and not to every thing that was incidentally brought into controversy during the trial.”
This is unquestionably the meaning of the rule of what *562 is called the res judicata, and renders it final and conclusive.' So that the question of the case before the court is this ; has the balance of the note, and of course the payment on which the balance depended, passed into the judgment 1 Assuredly this was the precise point decided and fixed; the amount due, as the only important point, after the note was admitted to be genuine, transit in rem judi-catam. The motion is therefore dismissed.
O’Neall, Evans, Wardlaw and Frost, JX concurred.

 Boom L. M. 131.